UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| TOBIAS PAYTON, | ) |
| | ) |
| **Plaintiff,** | ) |
| v. | ) No.: 17-cv-1292-JBM |
| | ) |
| JOHN BALDWIN, *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

## MERIT REVIEW ORDER

Plaintiff, proceeding pro se, and incarcerated in the Pontiac Correctional Center ("Pontiac") has filed a convoluted 30-page complaint with an additional 50 pages of attachments. He names 17 Defendants and references five more in the body of his complaint. Plaintiff also asserts claims on behalf of others, claiming that the Pontiac segregation unit, and Pontiac as a whole, are poorly maintained. He claims the lack of "adequate classes" for those who need them and that the Adjustment Committee and Warden, generally violate due process as inmates are found guilty at disciplinary hearings "85% of the time". While Plaintiff may represent himself, as a non-lawyer he may not represent anyone other than himself. *See* 28 U.S.C. §1654; *Lewis v. Lenc-Smith Mfg. Co.*, 784 F.2d 829, 830 (7th Cir. 1986)(per curiam). To the extent that Plaintiff asserts claims on behalf of others, they are DISMISSED.

The case is now before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted). While the pleading standard does not

1

require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

Plaintiff claims to have been held in segregation since July 2014. He alleges that the segregation cells are infested with roaches, insects and rats, and contaminated with feces. He asserts that the showers don't drain, many cells are without running water, there is lead in the water, there are leaks in the ceiling, and the showers and mattresses are dirty. He claims that he has been strip searched "many times" in retaliation for tickets. He does not identify by whom he was strip searched or the reasons for the alleged retaliation. Plaintiff makes the confusing claim that the Warden has retaliated by employing "new restrictions to C-grade," thus depriving him of an entitlement and due process. He alleges restrictions on his ability to "shop" and to make phone calls.

Plaintiff claims that Defendants Baldwin, Boland, Blackard (not named as a defendant) and Melvin have twice punished him for rules' infractions and have taken away his audio visual rights while in segregation. He claims that Defendants Boland and Blackard and Melvin have retaliated but he does not assert any First Amendment exercise for which they retaliated.

Plaintiff alleges that Defendants Pfister, Melvin, Baldwin and Hardy (not named as a defendant), have a duty to maintain facilities at Pontiac, which appears to allege negligence rather than deliberate indifference. He names the John or Jane Doe #1 head of maintenance and the John or Jane Doe #2 chief engineer or "person responsible for the upkeep of the water supply."

Plaintiff claims that Defendants Prentice and Corley placed him in a strip-out cell without sheets, blankets and toilet paper for 24 and 72 hours, dates unspecified. He claims that

Defendant Corley had a duty to see that Defendant Lee gave him a blanket and hygiene items. He has named Lee as a Defendant though it is unclear whether Lee was ever told Plaintiff needed blankets and hygiene items. He claims that Defendant Bolte refused to give him his allowed property and toilet paper, date unspecified. On March 3, 2016, he was in a filthy cell with feces on the wall. Plaintiff claims Defendant McBride moved him after he complained but that Defendant Winemiller had refused to do so.

Plaintiff alleges that Adjustment committee members Brown and Salina found him guilty of an unidentified infraction on March 14, 2016, and refused to give him a lie detector test. He asserts that Defendant Brown and Milsap (not identified as a defendant) refused to call Officer Williams-Davis as a witness. He claims that on November 7, 2017, Defendants Davis and Wolf refused to call "all the cells and workers as witnesses." He claims that on September 30, 2014, Holte and Kendricks, not otherwise identified and not named as Defendants, refused to investigate Nurse Moorhouse's claim that Plaintiff was masturbating.

Plaintiff's complaint is a scattershot recital of conditions of confinement, retaliation and due process claims against a score of individuals, often without identifying the specific corrections officers involved, the dates of the alleged infractions or the particulars of the claims. The complaint clearly violates *George v. Smith,* 507 F.3d 605, 607 (7th Cir. 2007), "[u]nrelated claims against different defendants belong in different suits." In other words, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2."

Furthermore, Plaintiff names individuals against whom he does not plead a claim and pleads claims against individuals whom he has not named. Despite the length of the complaint, Plaintiff's claims are so devoid of detail they are insufficient to place Defendants on notice of the

3

claims against them.  The Court finds that the only plausible claim which can proceed at this point involves Plaintiff's claim that on March 3, 2016, Defendant Winemiller refused to move him from an unsanitary, rodent and insect infested segregation cell.

Plaintiff will be given an opportunity to file an amended complaint providing more detail as to his conditions of confinement claims.  Plaintiff is cautioned that to successfully plead such claims he must identify the date he was subjected to the allegedly unconstitutional conditions, the name of the individual who caused or refused to alleviate the conditions and the particulars of the inhumane conditions.  Plaintiff's only allegations against Defendant McBride is that Defendant moved him out of the objectionable cell.  This fails to state a plausible claim against Defendant McBride and his is DISMISSED.

Plaintiff also has leave to replead his various other claims but may not lump unrelated complaints together in one action.  *See* Fed.R.Civ.P. 20(a); *Davis v. Harding*, 12-cv-559, 2013 WL 6441027, at *2 (W.D. Wis. Dec. 9, 2013) ('[a] plaintiff may join several defendants in one suit only if the claims arose out of a single transaction and contain a question of fact or law common to all the defendants.")  Any unrelated allegations must be pled in a separate complaint or complaints, each with its own attendant filing fee. *George,* 507 F.3d  607; 28 U.S.C. § 1915(b),(g).  Furthermore, Plaintiff is only to plead alleged constitutional injury which he has suffered, not those suffered by other prisoners.

**IT IS THEREFORE ORDERED:**

1. This case shall proceed solely on the Eighth Amendment conditions of confinement claim against Defendant Winemiller.  Any claims not identified will not be included in the case, except in the Court's discretion upon motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15.   Defendants Baldwin, Melvin,

4

Pfister, John and Jane Does, Prentice, Corley, Lee, Bolte, McBride, Brown, Salinas, Davis and Wolf are DISMISSED.

2. Plaintiff will be given 30 days in which to file an amended complaint and to replead the dismissed claims. If he does so, he is to title the pleading First Amended Complaint. The amended complaint is to comply with the Court's instructions and is to clearly identify his claims against each defendant without joining unrelated claims and unrelated defendants. Plaintiff's amended complaint will replace the original complaint in its entirety. Piecemeal amendments are not accepted.

3. The Clerk is directed to send to each Defendant pursuant to this District's internal procedures: 1) a Notice of Lawsuit and Request for Waiver of Service; 2) a Waiver of Service; 3) a copy of the Complaint; and 4) a copy of this Order.

4. If a Defendant fails to sign and return a Waiver of Service to the Clerk within 30 days after the Waiver is sent, the Court will take appropriate steps to effect formal service on that Defendant and will require that Defendant pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2). If a Defendant no longer works at the address provided by Plaintiff, the entity for which Defendant worked at the time identified in the Complaint shall provide to the Clerk Defendant's current work address, or, if not known, Defendant's forwarding address. This information will be used only for purposes of effecting service. Documentation of forwarding addresses will be maintained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5. Defendants shall file an answer within the prescribed by Local Rule. A Motion to Dismiss is not an answer. The answer it to include all defenses appropriate under the Federal

Rules. The answer and subsequent pleadings are to address the issues and claims identified in this Order.

6. Plaintiff shall serve upon any Defendant who has been served, but who is not represented by counsel, a copy of every filing submitted by Plaintiff for consideration by the Court, and shall also file a certificate of service stating the date on which the copy was mailed. Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a required certificate of service will be stricken by the Court.

7. Once counsel has appeared for a Defendant, Plaintiff need not send copies of filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send notice of electronic filing to defense counsel. The notice of electronic filing shall constitute notice to Defendant pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

8. Counsel for Defendants is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the depositions.

9. Plaintiff shall immediately notice the Court of any change in mailing address or phone number. The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO**:

1) ATTEMPT SERVICE ON DEFENDANTS PURSUANT TO THE STANDARD PROCEDURES; AND,

2) SET AN INTERNAL COURT DEADLINE 60 DAYS FROM THE ENTRY OF THIS ORDER FOR THE COURT TO CHECK ON THE STATUS OF SERVICE AND ENTER SCHEDULING DEADLINES.

LASTLY, IT IS ORDERED THAT IF A DEFENDANT FAILS TO SIGN AND RETURN A WAIVER OF SERVICE TO THE CLERK WITHIN 30 DAYS AFTER THE WAIVER IS SENT, THE COURT WILL TAKE APPROPRIATE STEPS TO EFFECT FORMAL SERVICE THROUGH THE U.S. MARSHAL'S SERVICE ON THAT DEFENDANT AND WILL REQUIRE THAT DEFENDANT TO PAY THE FULL COSTS OF FORMAL SERVICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(d)(2).

ENTERED: 11/28/2017

                                                                                        s/Joe Billy McDade
                                                                                          JOE BILLY McDADE
                                                         UNITED STATES DISTRICT JUDGE