UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| TOBIAS PAYTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No.: 17-cv-1292-JBM |
| | ) | |
| JOHN BALDWIN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MERIT REVIEW SECOND AMENDED COMPLAINT

Plaintiff, proceeding *pro se*, files a second amended complaint alleging excessive force, inhumane conditions of confinement, and due process violations at the Pontiac Correctional Center ("Pontiac"). The case is now before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

Plaintiff claims that on November 4, 2016, he "refused to move" and that Lt. Henry instructed Defendants Kram and Rodrick to enter his cell and remove him by force. Plaintiff claims that while he was being escorted down the galley, Defendant Kram kneed him twice in the left side, and that Defendants Roddick and Kram beat him.

1

Plaintiff was thereafter placed in a strip out cell by Officer Corley. He claims that Defendant Officers Lee and Bolte refused to provide him hygiene items, as he was on "advance strip out" for attempted staff assault. He claims that for three days he did not have soap, toothpaste, tooth brush, towels, toilet paper or a blanket. Plaintiff had to use his undershorts to wipe himself and, without soap, allegedly ate with feces on his hands. Plaintiff does not, however, claim that the cell lacked a sink or running water.

Plaintiff alleges that on November 4, 2016, Defendant Kram wrote a false disciplinary report, claiming that Plaintiff had attempted to head-butt him. On November 7, 2017, the matter was heard before the Adjustment Committee. Plaintiff complains that Adjustment Committee members Wolf and Davis, refused to call 11 inmates whom he had identified as witnesses, and refused to review the surveillance video, violating his rights to due process.

## ANALYSIS

Prison conditions will be found to violate the Constitution only if, "'unquestioned and serious' and contrary to 'the minimal civilized measure of life's necessities.' Mere discomfort and inconvenience do not implicate the Constitution"; and "it is well-settled that conditions which are temporary and do not result in physical harm are not actionable under the Eighth Amendment." *Jihad v. Wright*, 124 F.3d 204 at *2 (7th Cir. 1997) (internal citations omitted), citing *Harris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir. 1988) ("ten days in a segregation unit without toilet paper, toothbrush or toothpaste, and in a 'filthy, roach-infested cell' did not constitute cruel and unusual punishment.") Plaintiff's allegations of three days without toilet paper, hygiene items and a blanket fail to state an inhumane conditions of confinement claim, as presumably, he had a sink and running water with which to wash. The inhumane conditions of confinement claim is DISMISSED.

Plaintiff also asserts a violation of due process at the Adjustment Committee hearing when his witnesses were not called and the video was not viewed. To adequately plead lack of due process at a disciplinary hearing, a plaintiff must assert that: (1) he had a liberty or property interest at stake; and (2) that the procedures he was afforded were constitutionally deficient. *Rowe v. DeBruyn*, 17 F.3d 1047, 1053 (7th Cir.1994). A liberty interest may arise if, as a consequence of the disciplinary finding, a prisoner's term of incarceration is increased, as in the loss of good time credit, or where he is subjected to "atypical and significant hardship… in relation to the ordinary incidents of prison life." *Sandin v. Connor,* 515 U.S. 472, 484 (1995); *Thomas v. Ramos*, 130 F.3d 754, 760-62 (7th Cir. 1997).

Here, Plaintiff does not claim the loss of good time credits so as to invoke a protected property interest, so the Court considers the conditions under which he was held. *See Sandin*, 515 U.S. at 478-79. While Plaintiff claims to have been subjected to atypical and significantly worse conditions, these did not flow from the November 7, 2016 disciplinary hearing, but from his November 4, 2016 refusal to move, as that was the date he was placed in the complained-of conditions. Plaintiff was, in fact, removed from those conditions on the day of the November 10, 2016 Adjustment Committee hearing. Furthermore, the Court has already determined that the alleged conditions were not significant enough to invoke a constitutionally protected liberty interest. "Absent a protected interest, no due process protections attach." *Jordan v. Cacioppo*, No. 17- 00466, 2017 WL 3387074, at *3 (S.D. Ill. Aug. 7, 2017) (internal citations omitted). As a result, Plaintiff fails to plead a due process claim against Defendants Wolf and Davis and this claim is DISMISSED.

Plaintiff also alleges that Defendant Kram issued him a false disciplinary ticket, violating his due process rights. A disciplinary ticket, even if falsely issued, will not violate the

Fourteenth Amendment if the inmate receives procedural due process in the disposition of the ticket. *Hanrahan v. Lane*, 747 F.2d 1137, 1141 (7th Cir. 1984). "A hearing before a presumably impartial Adjustment Committee terminates an officer's possible liability for an allegedly false disciplinary report because the procedural requirements of a disciplinary hearing protect prisoners from arbitrary actions of prison officials." *Jordan,* 2017 WL 3387074, at *3. *See also*, *Hawkins v. O'Leary*, 729 F. Supp. 600, 602 (N.D. Ill. 1990) (dismissing officer who wrote allegedly false disciplinary report, as "a hearing before the Adjustment Committee terminates an officer's possible liability for the filing of a false disciplinary report.") As Plaintiff was afforded due process when the ticket went to an Adjustment Committee hearing, Defendant Kram is DISMISSED.

The Court need not consider whether the failure to call Plaintiff's witnesses denied him due process, as the Court has already found that Plaintiff did not have a protected interest at stake. This is so, because Plaintiff did not claim that his sentence was lengthened, and he was not subjected to atypical conditions of confinement, as required to invoke a protected property interest. As previously noted, if there is no protected interest at issue, due process need not be provided. *Jordan*, 2017 WL 3387074, at *3. *See also*, *Mccain v. Butler*, No. 15- 00968, 2015 WL 5996435, at *5 (S.D. Ill. Oct. 15, 2015) (where plaintiff asserted a due process violation in the failure to call his witnesses at a disciplinary hearing). "The complaint, as currently drafted, fails to address the duration or conditions of Plaintiff's confinement following Plaintiff's disciplinary hearing on the September 2013 ticket. Consequently, Plaintiff has failed to state a due process claim against either [defendant]." *Id*. at *5.

Plaintiff also names Warden Melvin as responsible for overseeing the training and discipline of IDOC employees. The doctrine of r*espondeat superior* does not apply to §1983 cases where liability is predicated on fault. To be liable, a defendant must be "personally responsible for the deprivation of a constitutional right." *Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001) (internal quotation omitted). Supervisors who are merely negligent in failing to detect and prevent subordinates' misconduct are not liable. *Chavez v. Ill. State Police,* 251 F.3d 612, 651 (7th Cir.2001). Plaintiff fails to allege any personal participation by Defendant Melvin and he is DISMISSED.

**IT IS THEREFORE ORDERED:**

This case shall proceed solely on the Eighth Amendment excessive force claims against Defendants Kram and Roddick. The Fourteenth Amendment due process claims against Defendants Wolf, Davis and Kram are DISMISSED. Defendants Wolf and Davis are DISMISSED as parties. Any claims not identified will not be included in the case, except in the Court's discretion upon motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15.

9/5/2018  
ENTERED

s/Joe Billy McDade  
JOE BILLY McDADE  
UNITED STATES DISTRICT JUDGE